IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| DAN CARLYLE, LORI D. ATCHLEY AND FLOYD K. WILKINSON, <br><br> PLAINTIFFS, <br> VS. <br><br> CHARLES M. VAUGHN, <br> CM VAUGHN, LLC, <br> LIVID MEDIA, LLC, <br> CM VAUGHN EMERGING VENTURES, L.P, <br> CM VAUGHN ASSET MANAGEMENT, L.P., <br> AND JOHN DOES 1-4, <br><br> DEFENDANTS. | CASE NO.: <br> JURY DEMAND |

## COMPLAINT

Come the Plaintiffs, by and through counsel, and hereby sue the Defendants, and for cause would state and show as follows:

## I
## THE PARTIES

1. The Plaintiffs, Lori D. Atchley ("Atchley"), and Floyd K. Wilkinson ("Wilkinson") are citizens and residents of the Middle District of Tennessee, and they did business with Defendants, Charles M. Vaughn, CM Vaughn, LLC, CM Vaughn Emerging Ventures, L.P., and CM Vaughn Asset Management, L.P., in the Middle District of Tennessee, for all times material hereto.

2. The Plaintiff, Dan Carlyle ("Carlyle"), is a citizen and resident of Prescott, Arizona, who did business with Defendants, Charles M. Vaughn, CM Vaughn Emerging Ventures, L.P., CM Vaughn, LLC, and CM Vaughn Asset Management, L.P., in the Middle District of Tennessee and in Arizona.

3. The Defendant, Charles M. Vaughn ("Vaughn"), is believed to be a citizen and resident of Atlanta, Georgia, residing at 565 Trowbrook Road, Atlanta, GA 30350-6898, who has significant business contacts in the Middle District of Tennessee and who has held himself out to be an investment broker, financial planner, corporate tax manager, and investment advisor. He has purported to sell the Plaintiffs herein investments for hundreds of thousands of dollars over the past two years.

4. The Defendant, CM Vaughn, LLC, is believed to be a Georgia limited liability company operated and controlled by Defendant, Vaughn, and used in his scheme to deprive the Plaintiffs of their money and convert their money from them.

5. The Defendant, Livid Media, LLC, is believed to be a Delaware limited liability company with offices in New York City and Atlanta through which the Defendants, Vaughn, conducted business and which is believed to be owned and controlled by Defendant, Vaughn, using proceeds from his illegal scheme.

6. The Defendants, CM Vaughn Emerging Ventures, L.P. and CM Vaughn Asset Management, L.P., are purported to be limited liability partnerships controlled by Defendant, Charles M. Vaughn, and used by him to further his illegal scheme.

7. The Defendants, John Does 1-4, are individuals who have assisted Defendant, Charles M. Vaughn, in conducting his illegal scheme.

## II
## VENUE AND JURISDICTION

8. Venue is proper in this Court in that the Defendants are located in the Middle District of Tennessee and/or all acts complained of occurred or accrued in the Middle District of Tennessee. Venue is proper pursuant to 18 U.S.C. § 1965(a).

9. Jurisdiction is proper pursuant to 18 U.S.C. § 1964-68 and 1864(c), since this involves a federal statute, namely, 18 U.S.C. § 1964-68 and 1864(c).

## III
## THE FACTS

10. The Plaintiffs aver that they are each victims of a criminal scheme and artifice employed by the Defendants in the purported sale of investments. The Plaintiffs aver that the Defendants have engaged in actions to obtain money and property from the Plaintiffs in this action through common law fraud, as well as mail and wire fraud.

11. The Plaintiffs aver that on divers days beginning in 2006 and continuing to the present, the Defendants used the mails and wires to defraud the Plaintiffs of their property and money through the purported sale of investments in the Middle District of Tennessee.

12. The Plaintiff, Wilkinson, avers that he invested $ 355,000.00 with the Defendants, Charles M. Vaughn, CM Vaughn, LLC, CM Vaughn Emerging Ventures, L.P., and CM Vaughn Asset Management, L.P., beginning in June, 2006. The Plaintiff avers that from June 2006 forward he received monthly statements via the United States wires purporting to show the total asset value of his investments and a summary of investments. The Plaintiff avers that these representations were false.

13. The Plaintiff avers that these mailings showed false gains in his investments by and through the Defendants and that, in fact, the Defendants converted his money, and the statements were, indeed, false.

14. The Plaintiff, Atchley, avers that she invested $ 461,393.44 beginning in June, 2006 with the same defendants as Plaintiff, Wilkinson, and from that date forward she received monthly statements showing her purported investments through the Defendants. The Plaintiff

avers that the Defendants converted her money and that the statements sent were false and that the proceeds from her investments were used in Defendants' various business interests.

15. The Plaintiff, Dan Carlyle, avers that on or about October 2, 2007 he invested $ 250,000.00 with CM Vaughn, LLC, and the other Defendants, via check # 1115 drawn on Wachovia Securities and he did so based on the representation that his investment would earn a certain percentage annually. The Plaintiff avers that the Defendants converted his money and his money was, indeed, not invested as promised and that the Defendants converted his money without his approval.

16. The Plaintiffs aver that the Defendant, Charles M. Vaughn, made false representations about actual returns and other information to induce them to invest their money with him and his companies. The Plaintiffs aver that Defendant, Vaughn, knew at the time of his representations to them that his representations were false and that, Charles M. Vaughn, did so with the intent to induce them to invest money with him and his companies.

17. The Plaintiffs aver that the Defendants used the wires and mails to send communications to the Plaintiffs and to other third parties in perpetuation of their scheme on multiple days in the years 2006, 2007 and 2008.

18. The Plaintiffs aver that they have been injured as a direct and proximate result of the Defendants' actions and violations of 18 U.S.C. § 1961 *et seq*.

19. The Plaintiffs aver that the Defendants obtained money from them through the purported sale of investments in violation of 18 U.S.C. § 1956, and used this money to further their criminal enterprise and conspiracy in a continuous effort to defraud, steal, and collect unlawful debts.

20. The Plaintiffs aver that the Defendants engaged in a continuous scheme and criminal enterprise by selling the Plaintiffs purported investments without the present intent to actually do so.

21. The Plaintiffs aver that the Defendants conducted or engaged in activities of these enterprises through a pattern of racketeering activity (as defined in 18 U.S.C. § 1961), in violation of 18 U.S.C. § 1962(c).

22. The Plaintiffs aver that the individual Defendants conspired together to conduct such pattern of racketeering activity in violation of 18 U.S.C. § 1962(d).

23. The Plaintiffs aver that the Defendants utilized the United States mails and wires in connection with the business of selling alleged investments to the Plaintiffs in this action in violation of 15 U.S.C. §77 (fff) and §77 (e).

24. The Plaintiffs aver that, in connection with the unlawful solicitation of funds as a material part of the scheme or artifice to defraud, and to obtain money or property by means of false and fraudulent pretenses, representations, or promises, the Defendants sent documents by United States mail and wire in violation of 18 U.S.C. §1341, 15 U.S.C. §78 (j)(b), 15 U.S.C. §77 (q)(a)(1)(2)(b), 15 U.S.C. §77 (e).

25. The Plaintiffs aver that statements, payments and representations were false regarding the terms, conditions and consequences of such transactions in violation of 18 U.S.C. § 1341, 15 U.S.C. §77 (q)(a)(1)(2) and (b), 15 U.S.C. §77 (e).

26. The Plaintiffs aver that, as a direct and proximate result of the Defendants' actions, the Plaintiffs have suffered injuries in their business and property, including the loss of money paid to and invested with the Defendants.

27. The Plaintiffs aver that the Defendants utilized the United States mails and wires in effecting this scheme, and the Defendants could foresee that the United States Postal Service and interstate wires would be used for the purpose of advancing, furthering, executing, concealing, conducting, participating in or carrying out the scheme, within the meaning of 18 U.S.C. § 1341 and § 1343. In particular, the Defendants could foresee that the United States Postal Service and the interstate wires would be used to receive and/or deliver, *inter alia*, invoices, payments, statements, and requests for payment regarding the unlawful sale of investments, and they knew that these would be traveling in interstate commerce.

28. The Plaintiffs aver that the Defendants, Charles M. Vaughn, CM Vaughn, LLC, Livid Media, LLC, CM Vaughn Emerging Ventures, L.P., CM Vaughn Asset Management, L.P., and John Does 1-4, acting singly and in concert, personally or through their agents, as co-conspirators, or as aiders and abettors, and other unnamed conspirators, using the United States Postal Service and interstate wires or caused the United States Postal Service or interstate wires to be used for the purpose of "advancing, furthering, executing, concealing, conducting, participating in or carrying out" the Defendants' scheme within the meaning of 18 U.S.C. § 1341 and § 1343. These events occurred on divers days from 2006 through the present and in multiple communications and uses of the mails and wires.

29. The Plaintiffs aver that each and every use of the United States Postal Service or interstate wires described above was committed by the Defendants with the specific intent to defraud the Plaintiffs or for obtaining the money or property of the Plaintiffs by means of false or fraudulent pretenses, representations, or promises. These acts of mail and wire fraud in violation of 18 U.S.C. § 1341 and § 1343 constitute racketeering activity as defined by 18 U.S.C. § 1961(1)(b).

30. The Plaintiffs aver that they were the target of the fraudulent scheme described above in that the objective of the scheme was to enable the Defendants to obtain money through false pretenses and pretenses without consideration.

31. The Plaintiffs aver that the Defendants' actions constitute a continued "enterprise" and not isolated instances. The Defendants continue to operate their criminal enterprises.

32. The Plaintiffs aver that the Defendants' actions are ongoing and that there is a real threat of these actions continuing in the future because there are numerous fraudulent uses of the United States Postal Service and wires to conduct the Defendants' scheme on multiple victims, including all of the named Plaintiffs in this action and other victims throughout the United States.

## IV
## COUNT ONE:
## VIOLATIONS OF THE RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS PRACTICES ACT IN VIOLATION OF 18 U.S.C § 1962(C)

33 The Plaintiffs re-allege and restate paragraphs 1-32 in support of the following cause of action.

34. The Plaintiffs aver that, at all relevant times, the Defendants constituted an "enterprise" within the meaning of 18 U.S.C. §1961(4) and § 1962 (c) in that they were corporations or other juridical entities.

35. The Plaintiffs aver that Defendants, Charles M. Vaughn, and John Does 1-4, were "individual persons" within the meaning of 18 U.S.C. § 1961(3) and § 1962(c) who associated with and/or participated in the conduct of said enterprises' affairs.

36. The Plaintiffs aver that the Defendants conducted, participated in, engaged in, conspired to engage in, or aided and abetted, the conduct of the affairs of the enterprise through a pattern of racketeering activity within the meaning of 18 U.S.C. § 1961(1), §

1961(5), and § 1962(c). The pattern of racketeering activity consists of mail and wire fraud (as described with particularity in numbered paragraphs 1-32, *supra*). These acts all occurred after the effective date of the RICO Act, and more than two (2) such acts occurred within ten (10) years of one another.

37. The Plaintiffs aver that, in the alternative, at all relevant times, some or all of the following constituted an "enterprise" within the meaning of 18 U.S.C. § 1961(4) and § 1962(c) in that they were "a group of individuals associated in fact" – Charles M. Vaughn and John Does 1-4. Defendants, CM Vaughn, LLC, Livid Media, LLC, CM Vaughn Emerging Ventures, L.P. and CM Vaughn Asset Management, L.P., were an "enterprise" within the meaning of 18 U.S.C. § 1961.

38. The Plaintiffs aver that, at all relevant times, the enterprises were engaged in, and their activities affected, interstate commerce.

39. The Plaintiffs aver that all of the predicate acts described herein were related so as to establish a pattern of racketeering activity, within the meaning of 18 U.S.C. § 1962(c), in that their common purpose was to defraud the Plaintiffs, their common result was to defraud the Plaintiffs of money, personally or through their agent or agents, directly or indirectly, participate in all of the acts of racketeering; and/or the acts of racketeering were otherwise related by distinguishing characteristics and were not isolated events.

40. The Plaintiffs aver that all of the predicate acts described herein were continuous so as to form a pattern of racketeering activity in that the Defendants engaged in the predicate acts over a substantial period of time or in that such predicate acts had become the Defendants' regular way of conducting business and said business practices have continued to the present.

41. The Plaintiffs aver that, as a direct and proximate result of, and by reason of, the activities of the Defendants, and their conduct in violation of 18 U.S.C. § 1962(c), the Plaintiffs have been injured in their business and property, within the meaning of 18 U.S.C. § 1964(c). The Plaintiffs are, therefore, entitled to recover, three-fold, the damages they have sustained, together with the costs of this lawsuit, including costs, reasonable attorney's fees, and reasonable experts' fees.

## V
## COUNT TWO:
## VIOLATIONS OF THE RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS PRACTICES ACT IN VIOLATION OF 18 U.S.C §1962(D) (CONSPIRACY)

42. The Plaintiffs re-allege and restate paragraphs 1-41 in support of the following cause of action.

43. The Plaintiffs aver that the Defendants conspired to conduct or participate, directly or indirectly in the conduct of the affairs of the enterprises through a pattern of racketeering activity in violation of 18 U.S.C. § 1962 (d). In particular, the Defendants intended to further an endeavor which, if completed, and as completed, would satisfy all of the elements of a substantive RICO criminal offense and an adopted goal of furthering or facilitating the criminal behavior.

44. The Plaintiffs aver that the Defendants and their overt acts are acts of racketeering or otherwise unlawful under the RICO statute, which included (among other acts) acts of mail fraud and wire fraud (as described with particularity in paragraphs 1-41, supra).

45. The Plaintiffs aver that, as a direct and proximate result of, and by reason of, the activities of the Defendants and their conduct in violation of 18 U.S.C. § 1962 (d), the Plaintiffs have been injured in their business and property, within the meaning of 18 U.S.C.

§ 1964 (c). Among other things, the Plaintiffs have suffered damages to the extent that they invested money with Defendants, Charles M. Vaughn, CM Vaughn, LLC, CM Vaughn Emerging Ventures, L.P., and CM Vaughn Asset Management, L.P., based on false misrepresentations. The Plaintiffs aver that they are, therefore, entitled to recover, three-fold, the damages they have sustained, together with the cost of this lawsuit, including costs, reasonable attorney's fees, and reasonable experts' fees.

## VI
## COUNT THREE:
## VIOLATIONS OF THE TENNESSEE CONSUMER PROTECTION ACT PURSUANT TO TENN. CODE ANN. §47-18-104 ET SEQ.

46. The Plaintiffs rely upon the factual averments in numbered paragraphs 1-45 in support of the following cause of action.

47. The Plaintiffs aver that the Defendants have violated the Tennessee Consumer Protection Act by engaging in conduct in interstate commerce which has had an effect on interstate commerce that both is deceptive and unfair to the consumer. The Plaintiffs aver that they are consumers within the meaning of the Act.

48. The Plaintiffs aver that the Defendants misrepresented that they were investing the Plaintiffs' money when, in fact, they were converting it and this constitutes violations of the Tennessee Consumer Protection Act.

49. The Plaintiffs aver that, as a direct and proximate result of the Defendants' misrepresentations, unfair trade practices and deceptive trade practices, the Plaintiffs have sustained financial damages.

50. The Plaintiffs aver that the Defendants have acted intentionally and knowingly within the meaning of the Act and, therefore, are liable to the Plaintiffs for treble damages as a direct and proximate result.

## WHEREFORE, PREMISES CONSIDERED, THE PLAINTIFFS PRAY FOR THE FOLLOWING RELIEF:

1. That the Defendants be served with process and be required to answer within the time allowed by law;

2. That the Plaintiffs be awarded judgments against the Defendants, jointly and severally, for compensatory damages in amounts in excess of $ 75,000.00;

3. That the Plaintiffs be awarded punitive damages against the Defendants in an amount to be determined by the jury for their intentional, willful, knowing, fraudulent, and dishonest violations of the law;

4. That a temporary, mandatory, and permanent injunction be entered against the Defendants, restraining them from dissipating or wasting any assets obtained by them unlawfully;

5. That the Plaintiffs be awarded damages against the Defendants in an amount such as the Court shall deem appropriate and at treble the amount of said damages pursuant to 18 U.S.C. § 1964 (c) and Tennessee Code Ann. § 47-18-104 *et seq*;

6. That the damages be trebled pursuant to 18 U.S.C. § 1984 (c);

7. That the Plaintiffs be awarded punitive damages in an amount to be set by the jury;

8. That the Plaintiffs be awarded all costs of litigation incurred, including reasonable attorney's fees, costs, disbursements, and expenses, pursuant to 18 U.S.C. § 1964 (c); and Tennessee Code Ann. § 47-18-104 *et seq*;

9. That the Plaintiffs be awarded such other, further relief to which they may be entitled;

10. That a jury be impaneled to hear this action.

**THIS IS THE FIRST APPLICATION FOR EXTRAODINARY RELIEF IN THIS MATTER.**

Respectfully submitted,

*[signature]*

Kline Preston Law Group, P.C.
G. Kline Preston, IV #17141
4525 Harding Road, Suite 200
Nashville, TN 37205
(615) 620-4322
Attorney for Plaintiffs