IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DAN CARLYLE, LORI K. ATCHLEY, )
and FLOYD WILKINSON )
) No. 3:08-0335
v. ) JUDGE ECHOLS
)
CHARLES M. VAUGHN, )
CM VAUGHN, LLC, )
LIVID MEDIA, LLC, )
CM VAUGHN EMERGING VENTURERS, )
L.P., CM VAUGHN ASSET )
MANAGEMENT, L.P., and )
JOHN DOES 1-4 )

**O R D E R**

The Court held a contempt hearing in this case on September 18, 2008 (Docket Entry No. 23) to address the "Certification of Facts Regarding Possible Contempt" (Docket Entry No. 16) issued by the Magistrate Judge concerning the dilatory actions of Plaintiffs' counsel, Mr. Kline Preston. Mr. Preston appeared at the hearing and apologized for his dilatory behavior, which he said was not intended to unnecessarily delay the discovery in the case or show disrespect for the Court. He stated that after Defendants Charles M. Vaughn and CM Vaughn, LLC filed bankruptcy and were dismissed from this case he did not think the case would proceed against the remaining Defendants. There was not a clear explanation for this conclusion, but Mr. Preston stated that Plaintiffs did want to proceed against the remaining Defendants.

Also addressed at the hearing was the failure of Mr. David W. Graybeal, counsel for Defendant Livid Media, LLC ("Livid"), to employ local counsel as required under Local Rule 83.01(h). Mr. Graybeal was not present at the hearing. After the hearing, in its Order of October 1, 2008, the Court gave Mr. Graybeal ten (10) days within which to obtain local counsel and file a notice of appearance with the Clerk of this Court or sanctions would be imposed, including striking the pleadings of Defendant Livid and vacating the privilege granted to Mr. Graybeal to practice before this Court *pro hac vice* (Docket Entry No. 24).

Mr. Graybeal has not complied with the Court's Order nor has he given any explanation for his failure to comply. In light of the Court's prior admonitions, the Clerk is directed to strike the "Defenses and Answer" of Defendant Livid included in Docket Entry No. 9. In addition, Mr. Graybeal's *pro hac vice* status is hereby VACATED.

The Complaint in this case was filed on April 7, 2008. Charles M. Vaughn and CM Vaughn, LLC are in bankruptcy and have been dismissed. One corporate Defendant, two limited partnerships, and John Does 1-4 remain. These Defendants are not represented by counsel and have not filed answers to the Complaint within the applicable time period.

A proposed Initial Case Management Order ("ICMO") setting discovery deadlines and a trial date was not submitted by the

Plaintiffs to the Magistrate Judge until October 8, 2008 (Docket Entry No. 25). With regard to service of the Complaint, the proposed ICMO states "[s]ervice of process has been properly issued and served by certified mail and personal service"[1] (Docket Entry No. 25 at 1). The Certificate of Service of the proposed ICMO shows it was served <u>only</u> on Mr. Graybeal.

The proposed ICMO was approved by the Magistrate Judge and entered on October 10, 2008 (Docket Entry No. 27), and a copy was sent to Mr. Graybeal. There are no provisions in the approved ICMO directing the corporate Defendant and limited partnerships to retain counsel or directing Plaintiffs to ascertain the status of the corporate and limited partnership Defendants or John Does 1-4. Obviously, there is much to be done to manage this case so that it will proceed to trial in an orderly manner.

This case is hereby returned to the Magistrate Judge to immediately hold a conference to determine the status of the Defendants in this case and whether Plaintiffs should move for entry of default against any Defendant.[2] It appears the ICMO has not been served on the remaining Defendants. The Magistrate Judge should take control of the case and give instructions to the

---

[1] No executed summonses on Defendants are of record. Proof of service must be made to the Court. Fed. R. Civ. P. 4(l).

[2] Plaintiffs' Complaint was filed April 7, 2008. More than twenty days have passed and Defendants have not answered or filed any responsive pleading. Fed. R. Civ. P. 12(a); <u>see</u> Fed. R. Civ. P. 55.

3

corporate and limited partnership Defendants that they must retain counsel,[3] who should file notices of appearance within a specific deadline.  The individual Defendants should be directed to retain counsel or notify the Court in writing within a specified period that they intend to proceed pro se.  The present ICMO should be reviewed, revised as necessary, and entered so that this case can be moved forward in an orderly manner.  Finally, sanctions should be imposed to assure compliance.

    IT IS SO ORDERED.

                                    *[signature]*

                                  ROBERT L. ECHOLS
                                  UNITED STATES DISTRICT JUDGE

---

[3] The corporate Defendants cannot proceed in forma pauperis or without counsel.  <u>Rowland v. California Colony</u>, 506 U.S. 194 (1993); 28 U.S.C. § 1654, <u>Ackran Direct Mktg. Corp. v. Fingerhut Corp.</u>, 86 F.3d 856 (8th Cir. 1996).

4