UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DAN CARLYLE, LORI K. ATCHLEY, ) <br> and FLOYD WILKINSON, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> CHARLES M. VAUGHN, CM ) <br> VAUGHN, LIVID MEDIA, LLC, ) <br> CM VAUGHN EMERGING ) <br> VENTURES, L.P., CM VAUGHN ) <br> ASSET MANAGEMENT, L.P., and ) <br> JOHN DOES 1-4, ) <br> ) <br> Defendants. ) | Case No. 3:08-0335 <br> Judge Echols |

## DEFAULT JUDGMENT ORDER

On December 23, 2008, the Clerk entered an Entry of Default (Docket Entry No. 39) against Defendants Livid Media, LLC, CM Vaughn Emerging Ventures, L.P., and CM Vaughn Asset Management, L.P. Subsequently, Plaintiffs filed a Motion for Default Judgment (Docket Entry No. 43) against those Defendants.

On April 2, 2009, the Court held an evidentiary hearing on the Motion for Default Judgment, at the close of which Plaintiffs were instructed to file a Proposed Judgment, which they did (Docket Entry No. 55). In the Proposed Judgment, Plaintiffs request actual damages, treble damages, and attorney fees under the Tennessee Consumer Protection Act, T.C.A. § 47-18-104 *et seq.,* ("TCPA"), and the Racketeering Influenced Corrupt Practices Act, 18 U.S.C. § 1962 *et. seq.*, ("RICO"). In support of the request for attorney fees, Plaintiffs have submitted an Affidavit from counsel which indicates the amount of time he reasonably spent on this case.

1

The TCPA provides for actual damages and attorney fees. It also allows for treble damages when an unlawful act is done willfully and knowingly. Bowling v. Jones, 2008 WL 2078071 at *8 (Tenn. Ct. App. 2008). Similarly, "RICO allows for treble damages and attorneys fees." Brown v. Cassens Transport Co., 546 F.3d 347, 362 (6th Cir. 2008).

In this case, Plaintiffs have established their entitlement to actual damages, treble damages, and attorney fees. The undisputed evidence at the evidentiary hearing established that each of the Plaintiffs invested significant sums of money with Defendants based upon false, misleading, and deceptive statements and representations by Defendant Charles M. Vaughn ("Mr. Vaughn") who was acting on behalf of all Defendants. The undisputed evidence also shows that each of the Plaintiffs lost their investments with Defendants and/or suffered other direct economic harm as a result of that loss.

The testimony and evidence introduced at the evidentiary hearing shows that beginning in June 2006, Plaintiff Floyd Wilkinson ("Mr. Wilkinson") and Plaintiff Lori K. Atchley ("Ms. Atchley") began investing with Defendants based upon false representations by Mr. Vaughn about his background, where the money would be invested, and the rate of return, among other things. Similar false statements led Plaintiff Dan Carlyle ("Mr. Carlyle") to invest with Defendants on October 2, 2007.

All totaled, Mr. Wilkinson invested $355,000.00 with Defendants; Ms. Atchley invested $461,393.44; and Mr. Carlyle invested $250,000.00. Each of the Plaintiffs seek to recover their investments with the Defendants because they were fraudulently induced to invest by the false statements and misrepresentation made by Mr. Vaughn. The undisputed evidence shows their entitlement to such sums. Additionally, the evidence shows that as a direct result of Mr. Carlyle's investment with Defendants, he was unable to make a margin call, resulting in a loss of $833,000.00, a call which he would have made if Defendants had returned his money as Mr. Carlyle had repeatedly

2

requested and Mr. Vaughn had promised.

The evidence also clearly establishes that Plaintiffs are entitled to treble damages because Mr. Vaughn acted willfully and knowingly. Specifically, the evidence shows Mr. Vaughn represented that he was a licensed broker, but he had no license to trade in stocks or securities. Mr. Vaughn provided monthly statements to one or more of the Plaintiffs which indicated that their investments were increasing each month, when in fact there were no investments. Such statements also indicated that Plaintiffs' investments were in accounts Defendants had at Merrill Lynch, when, in fact, Defendants had no such accounts. Mr. Vaughn also stated that the Plaintiffs' investments were secured by an insurance rider he had with Bank of America in the amount of three million dollars, but no such policy existed.

The evidence further shows that when Plaintiffs inquired about their investments, Mr. Vaughn assured them that they were in a pool of safe investments, but that, too, was false. Later, when Plaintiffs were demanding the return of their investments, Mr. Vaughn refused their calls and ultimately filed bankruptcy. Those bankruptcy proceedings indicate that Mr. Vaughn lived a lavish lifestyle and owned a couple of Mercedes-Benzs, a Rolex, and a Freightliner Sport Truck to pull his Donzi boat.

The evidence before the Court suggests that the money which was supposed to be invested by Defendants was converted for the personal use of Mr. Vaughn. It certainly was not invested in the manner in which Plaintiffs were promised. As such, Plaintiffs are entitled to recover their actual damages, treble damages, and attorney fees.

Accordingly, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

(1) Plaintiff Lori K. Atchley is hereby AWARDED actual damages against Defendants Livid Media, LLC, CM Vaughn Emerging Ventures, L.P., and CM Vaughn Asset Management, L.P. in the

amount of $461,393.44.  The actual damage award is hereby  TREBLED for a TOTAL AWARD of $1,384,180.32 against those Defendants on Plaintiff Lori K. Atchley's claims;

(2) Plaintiff Floyd K. Wilkinson is hereby AWARDED actual damages against Defendants Livid Media, LLC, CM Vaughn Emerging Ventures, L.P., and CM Vaughn Asset Management, L.P. in the amount of $355,000.00.  The actual damage award is hereby TREBLED for a TOTAL AWARD of $1,065,000.00 against those Defendants on Plaintiff Floyd K. Wilkinson's claims;

(3) Plaintiff Dan Carlyle is hereby AWARDED actual damages against Defendants Livid Media, LLC, CM Vaughn Emerging Ventures, L.P., and CM Vaughn Asset Management, L.P.  in the amount of $833,000.00.  The actual damage award is hereby TREBLED for a TOTAL AWARD of $2,499,000.00 against those Defendants on Plaintiff Dan Carlyle's claims;

(4) Plaintiffs are AWARDED attorney fees in the total amount of   $24,325.00; and

(5) Defendants Livid Media, LLC, CM Vaughn Emerging Ventures, L.P., and CM Vaughn Asset Management, L.P.  are JOINTLY AND SEVERALLY LIABLE for the actual damages, treble damages, and attorney's fees awarded in this Judgment.

Entry of this Order on the docket shall constitute entry of a final judgment in accordance with Federal Rules of Civil Procedure 58 and 79(a).

It is SO ORDERED.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE